### GUERRA v. RODRIGUEZ et al.

#### No. 12274.

Court of Civil Appeals of Texas.
San Antonio.

May 9, 1951.

Rehearing Denied May 31, 1951.

Gerald Weatherly, Austin, for appellant.

L. Hamilton Lowe, Austin, M. J. Raymond, Laredo, A. J. Vale, Rio Grande City, Bismark Pope, Laredo, for appellees.

POPE, Justice.

This is an appeal from a judgment denying appellant's prayer for a declaratory judgment that he as county commissioner is ex-officio road superintendent of

public roads in his precinct, with power to hire road workers, buy and rent tools and equipment, and make contracts for road labor and machinery, subject to the general supervision of the Commissioners' Court. He also sought an injunction against the payment of certain bills until he has certified them for payment.

Appellant, H. P. Guerra, individually and as County Commissioner of Precinct 2, Starr County, commenced this action against the other members of the Commissioners' Court, the County Treasurer and the County Auditor. In a trial before the court appellees admitted they were permitting a man by the name of Alonzo Hinojosa to hire road hands, fix and report to the county the wages these hands should receive, and that they will approve numerous large wage claims for labor performed by those road hands unless enjoined. Hinojosa is not required to make sworn reports and accounts, nor to give certificates of the amounts and purposes of the labor claims. He is unbonded, has given no oath, and has never been appointed to perform these services. Appellant's precinct is the only one in which Hinojosa exercises these powers and duties. Appellant does not know the names of the road hands nor the amounts of their claims, and this information is concealed from him. He does not hire the road workers and their work is not performed under his supervision or superintendence.

Appellant seeks a declaratory judgment that he is ex-officio road superintendent of public roads in his precinct with full right and power to employ necessary road workers, and to buy or hire such tools, teams, implements and machinery as the Commissioners' Court may direct. He also prays that appellees be enjoined from approving or paying these claims unless his certificate or that of his successor as road superintendent is given. He seeks these powers subject to the general supervision of the Commissioners' Court.

Article 2351, Vernon's Ann.Civ.Stats., places general control over all county roads in the Commissioners' Court; but various statutes have provided special methods by which the court may perform or delegate these functions. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 457. (1) It may let the work on contract to independent contractors. Art. 6753, Vernon's Ann.Civ. Stats. (2) It may appoint an overseer for each road precinct and designate all hands liable to work on public roads. Arts. 6718–6736, 6739, 6755. (3) It may employ not more than four road commissioners. Arts. 6737–6742. (4) It may appoint a road superintendent for the county or one for each precinct. Arts. 6743–6761. (5) Provided the county has forty thousand inhabitants, the *members* of the Commissioners' Court shall be ex-officio road commissioners of their respective precincts. Art. 6762. (6) It may employ a County Road Engineer with broad statutory powers in the event the county by an election determines to adopt the Optional County Road Law of 1947. Art. 6716–1.

Since the Legislature has specifically authorized the employment of agents having powers over the county roads, hedged about with stated protective requirements, can a different method be used? This question has been answered in Canales v. Laughlin, supra:

"This question has already been answered in principle by the decisions of this Court. In Ferguson v. Halsell, 47 Tex. 421, 423, the Court in an opinion written by Chief Justice Roberts said: 'The general doctrine is, that as the County Court is the agent of the county, in its corporate capacity it must conform to the mode prescribed for its action in the exercise of the powers confided to it. The prescribing of a mode of exercising a power by such subordinate agencies of the Government has often been held to be a restriction to that mode.'

"The same rule was announced in Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104, 1105, by Chief Justice Cureton: 'Another rule, equally well recognized, applies to and controls this case, to wit, that where a power is granted, and the method of its exercise prescribed, the prescribed method includes all others, and must be followed.' See also State v. Opperman, 74 Tex. 136, 11 S.W. 1076; Weaver v.

Robison, 114 Tex. 272, 268 S.W. 133; Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660."

■ Appellant does not urge that he, as Commissioner of Precinct 2 of Starr County, falls within any of the categories mentioned above, but relies upon the provisions of Article 6713. That statute, he urges, constitutes him ex-officio superintendent by reason of his being Commissioner. Until the Commissioners' Court avails itself of one of those methods, he contends that the commissioner, rather than the Commissioners' Court, possesses the powers of a superintendent.

Essentially this case concerns the interpretation of the word *supervisors* as used in Article 6713, which provides in part: "Except when road commissioners are employed, the county commissioners shall be *supervisors* of public roads in their respective counties, and each commissioner shall supervise the public roads within his commissioners precinct once each month."

That the word *supervisors* means ex-officio superintendents is urged because Article 2350, Vernon's Ann.Civ.Stats., which is the Commissioners' salary bill, provides that each Commissioner in counties having assessed valuations less than certain amounts stated in the statute, shall receive additional compensation for each day "when acting as ex-officio road *superintendent* in his Commissioner's precinct, * * *." Appellant also points to the legislative history of this salary statute, which shows that four times since 1925 the Legislature in enacting salary bills has made reference to a salary for commissioners "when acting as ex-officio road superintendent in his precinct". Acts 39th Leg., c. 135, p. 340; Acts 43d Leg., c. 216, p. 727; Acts 44th Leg., c. 362, p. 1036; Acts 49th Leg., c. 204, p. 280. Prior to 1925, various salary acts provided for increased salary allowances for Commissioners "when acting as ex-officio road *supervisors* of their precincts". Acts 35th Leg., 4th C.S., c. 29, p. 52; Acts 36th Leg., c. 98, p. 156; Acts 38th Leg., c. 184, p. 418. This indicates that the Legislature, at least in discussing salary, uses the words *supervisor* and *superintendent* interchangeably.

It is urged, therefore, that when the Legislature in Article 6713 constitutes the Commissioners as *supervisors,* the word is used to mean *superintendent,* since the words are used interchangeably.

On the other hand, there are indications that a Commissioner's powers as a supervisor are not the same as those conferred by other statutes upon a road superintendent.

In the first place, no statute expressly creates an ex-officio superintendent. In the instance of an ex-officio Commissioner, on the other hand, there is an express statute, Art. 6762. The presence of such a statute creating the ex-officio commissioner, and the absence of a similar statute creating an ex-officio superintendent indicate none is intended. Moreover, Article 6762, creating the ex-officio commissioners, is limited to counties which contain forty thousand inhabitants. The passage of such an article indicates that theretofore such a status as an ex-officio commissioner did not exist. It would appear that under the provisions of Article 6762, in counties with less than forty thousand inhabitants, an ex-officio road commissioner still does not exist, none having been provided by statute. The conclusion reached from these matters is that an ex-officio superintendent likewise does not exist until one is by statute created. None having been created, it does not exist.

Moreover, Article 6747, which is included among those articles relating to road superintendents appointed by the Commissioners' Court, sheds light on the word *supervisor.* Article 6747, following a statement of the powers of a road superintendent (Art. 6746) and also the duties including the duty to repair roads, states: "He shall act as supervisor of the roads in his county or precinct, and perform all the duties of supervisor devolving on the county commissioners in counties not adopting this law, * * *."

This article treats the functions of *supervisor* as something in addition to and beyond those already specifically imposed upon the superintendent. If they are powers and duties in addition to those of a superintendent, they are not the same thing.

One who is appointed road superintendent becomes also supervisor by reason of the statute. In the absence of the appointment of a road superintendent, the commissioner is supervisor. While we find the statute making a superintendent also a supervisor, we find no statute making a supervisor also a superintendent.

Also, Article 6751, in line with this analysis, imposes broad specific powers upon the Commissioners' Court—not upon the individual commissioners. Among the powers there specifically vested in the court rather than the individuals comprising the court, is the power "to purchase or hire all necessary road machinery, tools, implements, teams and labor required to grade, drain, or repair the roads of such county, and said court is authorized and empowered to make all reasonable and necessary rules, orders and regulations not in conflict with law for laying out, working and otherwise improving the public roads, and to utilize the labor and money expended thereon, and to enforce the same." An investigation of appellant's prayer for relief shows that these precise functions are those he seeks to perform within his precinct, subject to the general supervision of the Commissioners' Court. Those powers are specifically given to the Commissioners' Court under Article 6751.

Article 6755 further points to the correct solution of the problem. It provides that in the instance that a Commissioners' Court elects to appoint superintendents, it may retain the system of working hands with road overseers who are controlled by the superintendent. It then contains the significant provision, "or (the Commissioners' Court) may work with the overseers without any superintendent, as may be deemed best." This express provision of Article 6755 recognizes again that in the absence of the appointment of a superintendent, the Commissioners' Court itself may work with overseers *without any superintendent*. This Article recognizes that a Commissioners' Court, in the absence of the appointment of a superintendent retains the powers otherwise delegated to a superintendent. It recognizes that the non-appointment of a superintendent does not

leave powers in the separate commissioner as ex-officio superintendent. Appellant's argument that the non-appointment of a road superintendent leaves the commissioner as ex-officio superintendent can not be reconciled with Article 6755, expressly stating that those powers are retained in the Commissioners' Court.

A broad examination of the pertinent statutes shows that each time the Legislature has authorized the delegation of the court's powers it has done so by detailed statements of the powers to be exercised by the subordinate. Since the court retains all undelegated authority granted to it by the Constitution and statutes, and since we find no statute delegating or departmentalizing its powers among the commissioners as ex-officio superintendents, we do not feel that the statutes by implication will support such a view. The implications are against such a construction.

Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084, 1085, presented an analogous situation. It was there held that Article 2351 imposed the duty on the Commissioners' Court to provide and keep a courthouse in repair, and that Article 6872, which gives a sheriff the control of the courthouse did not take from the court the power to hire and fire courthouse employees. The court's powers were declared superior to that claimed by the sheriff, who had no authority to make contracts, except where he is specially so authorized by statute. The Court stated: "It is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. 11 Tex.Jur. 630; American Disinfecting Co. v. Freestone County, Tex. Civ.App., 193 S.W. 440; Germo Mfg. Co. v. Coleman County, Tex.Civ.App., 184 S.W. 1063; Matthews Lumber Co. v. Van Zandt County, Tex.Civ.App., 77 S.W. 960; Fayette County v. Krause et al., 31 Tex. Civ.App. 569, 73 S.W. 51. Where a right is conferred or obligation imposed on said court, it has implied authority to exercise a broad discretion to accomplish the purposes intended. 11 Tex.Jur. 565; City Nat. Bank v. Presidio County, Tex.Civ.

App., 26 S.W. 775; Gussett v. Nueces County, Tex.Com.App., 235 S.W. 857; Dodson v. Marshall, Tex.Civ.App., 118 S.W.2d 621."

In the absence of statutory authority, the powers of a Commissioners' Court involving the exercise of judgment and discretion can not be delegated, and until delegated those powers reside with the court. The power to hire workers and to buy and hire tools, and equipment are, not mere ministerial functions which may be delegated. Otherwise the Legislature would have been under no necessity to authorize the delegation of the functions of the court to a road commissioner or a road superintendent. Those are powers that the Commissioners' Court retains until they have been parceled out in accord with some statute authorizing such a delegation of power. 20 C.J.S., Counties, § 89. Absent the delegation of such powers in line with the legislative authority, the power of decision rests with the Commissioners' Court. Even after the delegation of such powers to a road commissioner or superintendent, the court retains general supervision. Arts. 6738, 6739, 6752.

In the absence of the delegation of its powers in accord with statutory authority, the court retains its power to hire workers, buy and rent tools and equipment and contract for labor and machinery. Since it is the court which must exercise these undelegated powers rather than an overseer, road commissioner or road superintendent, those persons are not required to submit sworn reports and certificates reporting such exercise of powers.

The statutes requiring such reports and certificates are applicable only where those persons rather than the court have exercised those powers. Since a commissioner as a supervisor is not an ex-officio superintendent possessed of the powers of a road superintendent, Article 6752 does not require a supervisor's certificates approving such claims.

We hold that Article 6713 constitutes a commissioner a supervisor, but that a supervisor does not possess all the powers of a superintendent. Once the Commissioners' Court has exercised its powers to hire workers, buy and hire equipment, or make contracts for labor or machinery, the commissioner in his precinct may supervise the workers so hired, the equipment so employed, and the contracts made. By statute he must perform other additional duties as supervisor. Art. 6713. While no relief has been sought against Mr. Hinojosa, the record shows that he has not been properly appointed overseer, road commissioner or road superintendent. For this reason he is equally powerless to replace the Commissioners' Court in its exercise of judgment and discretion in connection with the powers here in question. Once the court has exercised those powers, the appellant rather than Hinojosa may exercise the powers of supervision. Since that supervision is subject to the general supervision of the Commissioners' Court, it must yield to the general control of the court in the event of conflict.

The judgment is affirmed.