

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 16, 1962

Honorable William A. Harrison
Commissioner of Insurance
International Life Building
Austin, Texas

Opinion No. WW-1262

Re: Whether the Liquidation Division
of the State Board of Insurance is
subject to the Position Classifica-
tion Act of 1961, and related ques-
tion.

Dear Commissioner Harrison:

Your letter requests the opinion of this office on the following
questions:

"1. Is the Liquidation Division of the State Board
of Insurance subject to the Position Classification Act of
1961?

"2. If your answer to Question No. 1 is in the nega-
tive, I request your further opinion as to whether or not the
Commissioner of Insurance is authorized under Article 21.28,
Section 12, Texas Insurance Code, to enter an order placing
the Liquidation Division of the State Board of Insurance under
the Position Classification Act of 1961, and whether or not the
issuance of such order would subject the permanent employees
of the Liquidation Division to the Position Classification Plan
as set out in the Position Classification Act of 1961."

Section 2 of the Position Classification Act of 1961 reads, in part,
as follows:

"Sec. 2. All regular, <u>full-time salaried employments</u>
within the departments and agencies of the State <u>specified in</u>
<u>Article III</u>, . . . of the bienniel Appropriations Act, shall con-
form with the Position Classification Plan hereinafter described
and with the salary rates and provisions of the applicable Appro-
priations Act commencing with the effective date of this Act, <u>with</u>
<u>the exceptions and deferments hereafter provided in this Section.</u>

"Effective January 1, 1962, all <u>regular, full-time sala-</u>
<u>ried</u> employments in executive or administrative agencies of

the State, regardless of whether their funds are kept inside
or outside the State Treasury, shall also conform with the
Position Classification Plan hereinafter described and with
the salary rates and provisions of the General Appropriations
Act with the exceptions hereinafter provided in this Section.

" . . .

"Specifically excepted from the Position Classifica-
tion Plan hereinafter described are . . . hourly employees,
part-time, and temporary employees;  and such other positions
in the State Government as have heretofore been or as may
hereafter be excluded from such Position Classification Plan
. . . by direction of the Legislature." (Emphasis supplied.)

That provision of the Act excepting " . . . such other positions in the State
Government as have heretofore been. . . excluded. . . by direction of the
Legislature", is evidence of legislative recognition of the existence, at the
time of the Act's passage, of departments of the State Government which
had in the past utilized employment plans different from that embodied in
the Act and the desirability of allowing such departments to continue to so
operate.  If such a construction is not placed on that part of the Act quoted
above, the word "heretofore" in the statute is rendered meaningless.

In Opinion No. WW-1095, this office held that the Position Classifi-
cation Plan did not apply to the Finance Commission and the Banking and
Savings and Loan Departments in view of the following language quoted
from the statutes applicable to those departments:

(1)  Banking Department (Art. 342-112, V. C. S. )

" . . . Fees, penalties and revenues collected by the
Banking Department from every source whatsoever shall be
retained and held by said Department, and no part of such
fees, penalties and revenues shall ever be paid into the
General Revenue Fund of this State.  All expenses incurred
by the Banking Department shall be paid only from such fees,
penalties and revenues, and no such expense shall ever be a
charge against the funds of this State.  The Finance Commis-
sion shall adopt, and from time to time amend, budgets which
shall direct the purposes, and prescribe the amounts, for which
the fees, penalties and revenues of the Banking Department
shall be expended; . . . "

(2)  Savings and Loan Department (Art. 342-205, V. C. S. , as
amended)

"(b) . . . The Deputy Savings and Loan Commissioner,
the Savings and Loan Examiners and all other officers and
employees of the Savings and Loan Department shall receive
such compensation as is fixed by the Finance Commission which
shall be paid from funds of the Savings and Loan Department. "

"(h) . . . All expenses incurred by the Savings and
Loan Department shall be paid only from such fees, penalties,
charges and revenues, and no such expense shall ever be a
charge against the funds of this State or the funds of the
Banking Department.  The Finance Commission shall adopt,
and from time to time amend, budgets which shall direct the
purposes, and prescribe the amounts, for which the fees,
penalties, charges and revenues of the Savings and Loan De-
partment shall be expended; . . . "

In Opinion No. WW-1222, we held that the Position Classification
Plan did not apply to the Texas State Board of Plumbing Examiners under
the following language of Sections 5 and 7 of Article 6243-101, V. C. S. :

"Sec. 5.  The Board shall administer the provisions
of this Act.  . . . The Board is hereby authorized and em-
powered to employ, promote and discharge such assistants
and employees as it may deem necessary to properly carry
out the intent and purpose of this Act, and to fix and pay their
compensation and salaries and to provide for their duties and
the terms of their employment.  . . ." (Emphasis supplied. )

"Sec. 7.  All expenses incurred under this Act shall be
paid from the fees collected by the Board under this Act.  No
expense incurred under this Act shall ever be a charge against
the funds of the State of Texas . . .; but no fees collected here-
under shall ever be paid into the General Fund of this State. "

Article 21. 28 of the Texas Insurance Code provides for the creation
and operation of the Liquidation Division of the State Board of Insurance, and
in view of the similarity of the language of Section 12(a) and (b) of Article
21. 28 quoted below and the language of the statutes relating to the Finance
Commission and the Board of Plumbing Examiners, we are of the opinion
that the Liquidation Division of the State Board of Insurance is exempt from

the operation of the Position Classification Plan.    Section 12 of Article 21. 28 reads, in part, as follows:

> "Sec. 12.   Liquidator, Assistants, Expense Accounts. -- (a) Liquidator, Bond.   The liquidator herein named shall be appointed by a majority of the Board of Insurance Commissioners, and shall be subject to removal by a majority of said Board, and before entering upon the duties of said office, shall file with the Board of Insurance Commissioners a bond in the sum of Ten Thousand Dollars ($10, 000), payable to the Board of Insurance Commissioners for the benefit of injured parties, and conditioned upon the faithful performance of his duties and the proper accounting for all moneys and properties received or administered by him.
>
> "(b)  Appointments, Expenses.   The Board shall have the power to appoint and fix the compensation of the liquidator and of such special deputy liquidators,  counsel,  clerks,  or assistants, as it may deem necessary.   The payment of such compensation and all expenses of liquidation shall be made by the liquidator, out of funds or assets of the insurer on approval of the Board.  . . ."  (Emphasis supplied. )

We are also of the opinion that your second question should be answered in the negative for the reason that an order of the Commissioner placing the Liquidation Division employees under the Position Classification Act would be tantamount to an abdication of those duties imposed upon the Commissioner by Section 12(b) of Article 21. 28 to, "appoint and fix the compensation of the liquidator and of such special deputy liquidators, counsel, clerks, or assistants, as [he] may deem necessary.  . . ."

Such an order, purporting to transfer his statutory duties to another administrator, would be violative of the general rule announced in Corpus Juris Secundum (Vol. 73, p. 381):

> "In general administrative officers and bodies cannot alienate, surrender, or abridge their powers and duties, or delegate authority and functions which under the law may be exercised only by them;  and, although they may delegate merely ministerial functions, in the absence of statute or organic act permitting it, they cannot delegate powers and functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment. "

Although we have found no Texas cases directly in point, we believe the problem here presented is analogous to the situation involved in cases concerned with the delegation of powers by Commissioner's Courts and that our question is controlled by the reasoning of such cases. In Guerra v. Rodriguez, 239 S. W. 2d 915 (Civ. App. 1951), we find the following statement:

> "In the absence of statutory authority, the powers of a Commissioners' Court involving the exercise of judgment and discretion can not be delegated, and until delegated those powers reside with the court. The power to hire workers and to buy and hire tools, and equipment are not mere ministerial functions which may be delegated. Otherwise the Legislature would have been under no necessity to authorize the delegation of the functions of the court to a road commissioner or a road superintendent. Those are powers that the Commissioners' Court retains until they have been parceled out in accord with some statute authorizing such a delegation of power. . . ."

It is our opinion that the powers and duties conferred upon the Commissioner by Section 12b of Article 21. 28 may not be delegated by him without statutory authorization.


## SUMMARY


The Liquidation Division of the State Board of Insurance is not subject to the Position Classification Act of 1961. The Commissioner of Insurance is not authorized under Article 21. 28 bf the Texas Insurance Code to enter an order placing the Liquidation Division of the State Board of Insur-

ance under the Position Classification Act of 1961.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Dudley D. McCalla

Dudley D. McCalla
Assistant Attorney General

DDM/pe

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Elmer McVey
J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:        Houghton Brownlee, Jr.