

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 3, 1971

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-798

Re: Can the Commissioners Court of
Harris County order that the
responsibility for the operation
and maintenance of the Washburn
Tunnel and Harris County Ferries
in Commissioner Precinct 2 be
transferred from the Commissioner
of that precinct to the. Commis-
sioner of another precinct?

Dear Mr. Resweber:

In your letter of December 22, 1970, you request our
opinion in answer to the following question:

"Can the County Commissioners Court order
that the responsibility for the operation and
maintenance of the Washburn Tunnel and Harris
County Ferries in Commissioners Precinct 2 be
transferred from the Commissioner of that
Precinct to the Commissioner of another Precinct?"

Our answer is "No", inasmuch as there is no statutory
authority permitting such transfer. The control over the roads
is vested in the Commissioners Court, which may be delegated by
resolution to "the precinct road supervisor."

The Harris County Road Law passed by the 33rd Legisla-
ture is cited under the Special Laws, Acts 1913, 33rd Legislature,
page 64, chapter 17. We believe that the following sections of
that Law control this situation.

"Section 1. That, subject to the provisions
of this Act, the commissioners' court of Harris
County shall have control of all roads, bridges,
drains, ditches, culverts and all works and con-
structions incident to its roads, bridges, and
drainage, that have been heretofore laid out or
constructed, or that may hereafter be laid out,
or constructed by Harris County, or under its
direction. (Emphasis added.)

-3872-

"Section 5.  From and after the passage of this Act, each county commissioner shall be ex-officio a precinct road supervisor, and subject to the provisions of this Act, and under the orders and supervision of the court, shall have charge of all teams, tools, equipment, and property of all kinds committed to his care by the court for work in his precinct, and shall superintend the laying out of all work of all kinds in his precinct, subject to such control as the court may see fit to provide. (Emphasis added.)

"Section 16.  The commissioners' court shall have control of all matters in connection with the construction and maintenance of county roads, bridges and drainage, except such as it may from time to time, by resolution, delegate to the precinct road supervisor, and then under such rules and regulations as it may prescribe, and subject to their recall at its pleasure. (Emphasis added.)

"Section 29.  Whenever in this Act, or any general law, the word 'Road,' is used, the same is hereby defined to mean in so far as Harris County is concerned, all road beds, ditches, drains, bridges, culverts and every part of every road, whether inside or outside of any incorporated city or town in Harris County, or not. (Emphasis added.)

"Section 31-b.  The Commissioners Court of Harris County may enter into such contracts and agreements as it finds necessary with the United States, the State of Texas . . . in connection with the construction of a tunnel or tunnels. . . Such tunnels are hereby declared to be an essential public highway unit. . ." (Emphasis added.)

Sections 1 and 16 place control of the roads in the Commissioners Court.  Section 16 does allow by resolution the delegation of certain powers to the precinct road supervisor who is designated in Section 5 as the county commissioner of each precinct.  This power placed in the Commissioners Court by Sections 1 and 16 of the Harris County Road Law is  also set out in the general law.  Article 2351, Sec. 6, Vernon's Civil Statutes.

The control or power delegated to the Court cannot be abrogated by it unless statutory authority can be found. 15 Tex. Jur.2d 277, Counties, Sec. 48, reads in part as follows:

"In the absence of an enabling statute the power of a commissioners' court that involves exercise of judgment and discretion cannot be delegated." Citing Guerra v. Rodriguez, et al., 239 S.W.2d 915 (Tex.Civ.App. 1951, no writ).

In the Guerra case, tried under the general law, a commissioner maintained his right to hire road workers, buy and rent tools and equipment and make contracts for road labor and machinery, subject to the Commissioners Court supervision. Some of the duties were being performed by a third party hired by the Commissioners Court. The Court of Civil Appeals posed the following question:

"Since the Legislature has specifically authorized the employment of agents having power over the county roads, hedged about with stated protective requirements, can a different method be used?"

The Court determined that the prescribed method must be followed and held that the statute did not authorize the precinct commissioner to exercise the power of a "road superintendent" and that the Commissioners Court could appoint a third party superintendent or control the road themselves.

Following this reasoning, one could conclude that the Harris County Commissioners Court could appoint some third person to supervise the Washburn Tunnel and the ferry and that the third person could, in fact, be a commissioner of a precinct other than the one in which the tunnel and ferry are located.

The Guerra case, however, is distinguished from the subject problem in that the "third party", the road superintendent, was authorized by statute whereas under the Harris County Road Law, a special law, Section 16 specifies that the Commissioners Court shall have control of all matters concerning roads". . . except such as it may from time to time, by resolution, delegate to the precinct road supervisor. . ." (Emphasis added.)

Section 16 if in conflict with the general law, would control by reason of Section 33 of this Act. Section 16 is the only authority for any delegation of authority by the Harris County Commissioners Court. Further, neither Section 16 nor any other section

of the Harris County Road Law provide for a road superintendent as was before the Court in the Guerra case.

We believe that control of the tunnel and ferry must remain with the Commissioners Court unless delegated to the precinct commissioner where the tunnel and ferry are located.

At this point we must determine whether this tunnel and the ferries are "roads, bridges, etc." within the purview of the Harris County Road Law.

Section 31-b of the law clearly establishes the tunnel as a part of the road system by the words, "public highway unit . . ." and by inclusion within the Harris County Road Law. It is therefore subject to and governed by the powers granted the Commissioners Court in Sections 1 and 16.

We find no Texas authority for a definition of "ferry"; however, we do find the following relevant definition in Blacks Law Dictionary, 4th Edition, which states in part, as follows:

> "Ferry . . . or to connect a continuous line
> of road leading from township or /vil/ to another.
> Canadian Pac. Ry. Co. v. U.S.C.C.A. Wash., 73 F.2d
> 831, 832."

> "A continuation of the highway from one side
> of the water over which it passes to the other,
> . . . U.S. v. Puget Sound Nav. Co., D.C. Wash.
> 24 F.Supp. 431, 432."  (Emphasis added.)

A ferry is generally a connection between highways located on opposite sides of the body of water.  25 Tex.Jur.2d 312, Ferries, Sec. 1.  We therefore conclude that the Harris County Ferries, as well as the Washburn Tunnel, are "roads" and are therefore governed by the Harris County Road Law as set out in this opinion.

## S U M M A R Y

The Harris County Road Law authorized the transfer of responsibility for operation and maintenance of the Washburn Tunnel and Harris County Ferries to only the commissioner in whose precinct the tunnel and ferries are located.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Kenneth Nordquist
Max Hamilton
R. D. Green
Sarah Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant