

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 25, 1974

The Honorable Alex W. Gabert
County Attorney
Starr County
P. O. Box 726
Rio Grande City, Texas 78582

Opinion No. H-458

Re: Conflicts of authority
between a regional
planning commission
and the commissioners'
court.

Dear Mr. Gabert:

You have requested our opinion on the following questions:

(1) What governmental body has the authority to select a county's representatives to a regional planning commission?

(2) Has the Commissioners Court of Starr County delegated its authority over "county business" by joining the regional planning commission?

Pursuant to Article 1011m, section 3(a), V. T. C. S., "two or more general purpose governmental units may join in the exercise, performance, and cooperation of planning, powers, duties, and functions as provided by law for any or all such governmental units." Starr, Jim Hogg, Webb and Zapata counties have so joined and formed the South Texas Development Council, a Regional Planning Commission. While Article 1011m, does not establish a procedure whereby members are to be selected, section 5 of the Article allows "cooperating governmental units . . . through joint agreement [to] determine the number and qualifications of the governing body of the Commission." However, the "governing body . . . shall consist of at least sixty-six and two-thirds percent (66 2/3%) elected officials of general purpose governmental units." Article 1011m, § 5, V. T. C. S.

The Council has passed a set of by-laws which in part provide for the selection of its members. It is our understanding that the Commissioners Court of Starr County has never ratified these by-laws or any agreement concerning selection of county representatives of the Council. However, one of Starr County's representatives to the Council, the County Judge who is a member of the County Commissioners Court, did vote to pass such by-laws.

The "joint agreement" contemplated by section 5 must be passed by the Commissioners Court of Starr County as "a cooperating governmental unit" for the county to be bound.  Article 1011m, section 5, makes such an agreement county business over which the Commissioners Court alone has jurisdiction and power to bind the county.  Tex. Const., art. 5, §18.

The fact that an individual member of the Court did agree to the by-laws is of no effect, since individual members of a county commissioners court have no authority to bind the county by their separate action.  Canales v. Laughlin, 214 S.W. 2d 451 (Tex. Sup. 1948); Rowan v. Pickett, 237 S.W. 2d 734 (Tex. Civ. App. --San Antonio 1951, no writ).  And since the Commissioners Court has the authority to agree to the number and qualification of the county's representatives to the Council under section 5, it is our opinion that the power to select those representatives rests with the Court until a joint agreement is executed.

Your second question asks whether the Commissioners Court has delegated its authority over "county business" by joining the regional planning commission.  A commissioners court may not delegate powers involving the exercise of judgment unless the court is statutorily enabled to do so.  Guerra v. Rodriguez, 239 S.W. 2d 915 (Tex. Civ. App. --San Antonio 1951, no writ); Attorney General Opinion V-532 (1948).

In this instance it is our opinion that the Court is not delegating any of its authority over county business by joining the Commission.  Section 3(a) of Article 1011m provides that "nothing in this Act shall be construed to limit the powers of the participating governmental units as provided by existing law." Section 4(b) designates the purposes of a regional planning commission as those of making "studies and plans," the latter of which 'may be adopted in whole or in part by the respective governing bodies of the cooperating governmental units." (Emphasis added)  The statute in no way authorizes any delegation of county business except with respect to the formulation of studies and plans.

## SUMMARY

Until the Commissioner's Court of Starr County enters a "joint agreement" concerning the selection of representatives to the South Texas Development

Council, the Court retains the power to select such representatives.

The Commissioners Court of Starr County has not delegated its authority over "county business" by joining the Council.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee