

# The Attorney General of Texas

August 24, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
Jefferson County, Texas
P.O. Box 2555
Beaumont, Texas 77704

Opinion No. MW-362

Re: Termination of county
employees

Dear Mr. McGrath:

You ask the question:

> Does a single commissioner acting as road and bridge administrator have the power to discharge an employee?

You have informed us that by "road and bridge administrator" you mean county commissioner acting as ex officio road commissioner pursuant to article 6762, V.T.C.S. This statute was amended by Senate Bill 1242 enacted by the regular session of the sixty-seventh legislature and effective June 16, 1981, when it was signed by the Governor. It now provides that in all counties the members of the commissioners court shall be ex officio road commissioners of their respective precincts. This provision is not automatically effective, but must be adopted by the court pursuant to article 6769, V.T.C.S.

Article 6763, V.T.C.S., as amended by Senate Bill 1242, provides in part:

> Subject to authorization by the commissioners court, each ex officio road commissioner may employ persons for positions in the commissioner's precinct paid from the county road and bridge funds. Each ex officio road commissioner may discharge any county employee working in the commissioner's precinct if the employee is paid from county road and bridge funds.

Under the circumstances stated in article 6763, V.T.C.S., a single commissioner acting as ex officio road commissioner has power to discharge an employee.

You next ask whether an official appointed by the commissioners court has power to discharge an employee. You do not inquire about a particular official, so we must answer in general terms.

Where the court is statutorily authorized to appoint an official, there must be statutory authority for the official to hire and fire employees. Where the legislature has authorized the delegation of the court's powers, it has done so by express legislation as to the powers to be exercised by a subordinate. Guerra v. Rodriguez, 239 S.W.2d 915 (Tex. Civ. App. - San Antonio 1951, no writ)(construing article 6713, V.T.C.S.). See, e.g., V.T.C.S. art. 4478--4485 (hospital superintendent). The answer to your question depends in each case on the statutes defining the powers of the particular official.

## S U M M A R Y

A single county commissioner acting as road commissioner pursuant to article 6762, V.T.C.S., has the power to discharge an employee paid from county road and bridge funds. Whether an official appointed by the commissioners court has power to discharge an employee depends on the statute governing the official in question.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood