

# THE ATTORNEY GENERAL
# OF TEXAS

September 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Jimmy F. Davis          Opinion No.  JM-801
Castro County Attorney
Castro County Courthouse          Re:   Whether a county commissioner
Dimmitt, Texas 79027              may hire the son of another county
                                  commissioner in a county which has
                                  ex officio road commissioners

Dear Mr. Davis:

You ask  whether a county commissioner may hire as a road hand
the son of another county commissioner in a county that has adopted
the "ex officio road commissioner" method for road construction and
maintenance.  The nepotism statute, article 5996a, V.T.C.S., prohibits
an officer from appointing, voting for, or confirming the employment
of a person related to him within a prohibited degree:

> No officer of this State nor any officer of any
> district, county, city, precinct, school district,
> or other municipal subdivision of this State, nor
> any officer  or  member  of  any  State  district,
> county, city, school district or other municipal
> board, or judge of any court, created by or under
> authority of any General or Special Law of this
> State, nor any member of the Legislature, shall
> appoint, or vote for, or confirm the appointment
> to any office, position, clerkship, employment or
> duty, of any person related within the second
> degree by affinity or within the third degree by
> consanguinity to the person so appointing or so
> voting, or to any other member of any such board,
> the Legislature, or court of which such person so
> appointing or voting may be a member, when the
> salary, fees, or compensation or such appointee is
> to be paid for, directly or indirectly, out of or
> from public funds or fees of office of any kind or
> character whatsoever. . . .

Because a son is related to his father within the first degree of
consanguinity, Attorney General Letter Advisory No. 115 (1975), the
nepotism statute would bar the commissioners court itself from
employing the son of one of the members.  You suggest, however, that

an ex officio road commissioner acts independently of the commissioners court when he hires road hands and that therefore an ex officio road commissioner would not violate the nepotism law by hiring the son of another county commissioner as a road hand.

The commissioners court may choose one of several methods for carrying out its responsibility to lay out, repair, and construct public roads and bridges. See art. 6702-1, §§3.001 through 3.213, V.T.C.S. Castro County, you inform us, has adopted the method under which each county commissioner acts as ex officio road commissioner in his precinct. Art. 6702-1, §§3.001 through 3.004, V.T.C.S. Section 3.001 of article 6702-1 provides:

> In all counties the members of the commissioners court are ex officio road commissioners of their respective precincts and under the direction of the commissioners court have charge of the teams, tools, and machinery belonging to the county and placed in their hands by the court. They shall superintend the laying out of new roads, the making or changing of roads, and the building of bridges under rules adopted by the court. (Emphasis added.)

Section 3.003 of article 6702-1 sets out the powers of ex officio road commissioners:

> (a) Subject to authorization by the commissioners court, each ex officio road commissioner may employ persons for positions in the commissioner's precinct paid from the county road and bridge funds. Each ex officio road commissioner may discharge any county employee working in the commissioner's precinct if the employee is paid from county road and bridge funds. Each ex officio road commissioner also has the duties of a supervisor of public roads as provided by Section 2.009 of this Act.
>
> (b) Each county commissioner, when acting as a road commissioner, shall inform himself of the condition of the public roads in his precinct, shall determine what character of work is to be done on the roads, and shall direct the manner of grading, draining, or otherwise improving the roads, which directions shall be followed and obeyed by all road overseers of his precinct. (Emphasis added.)

You suggest that section 3.003(a), which authorizes ex offico road commissioners to hire road hands "[s]ubject to authorization by the commissioners court," makes the nepotism statute inapplicable to the situation you ask about. A number of Attorney General Opinions are relevant to your question. Attorney General Letter Advisory No. 115 (1975) determined that a county judge could hire the daughter of a county commissioner as his secretary because in doing so he would not be acting as a member of the commissioners court. Attorney General Letter Advisory No. 116 (1975) held that a sheriff could hire the son-in-law of a county commissioner as a jailer because the commissioners court was statutorily prohibited by article 3902, V.T.C.S., from attempting to influence the appointment of a jailer. Because the right to hire the jailer "rests exclusively in the sheriff," the letter advisory stated, the nepotism statute was not applicable. Attorney General Opinion H-697 (1975) concluded that a county department under the county's civil service program could hire persons related to the county commissioners. Although the requestor stated that the county commission approved the hiring decisions, the opinion pointed out that the commissioners court had no authority to approve or disapprove hiring decisions regarding positions subject to former article 3902. "Because the commissioners court has no actual power to control and should not undertake to control," the opinion stated, the nepotism statute was inapplicable. Attorney General Opinion H-1210 (1978) considered whether a city could give a raise to the daughter of a county commissioner who was employed by the city as an ambulance supervisor. The ambulance at the heart of the controversy was owned by the county and operated by the city. Under the contract between the city and the county, the county had no right to control the appointment of the ambulance supervisor. The opinion held that the nepotism statute was inapplicable, saying, "In cases where the commissioners court authorizes a position but has no control over the person to be selected, we have said that article 5996a, V.T.C.S., is not violated by the appointment of a commissioner's relative to that position."

The right to control, whether exercised or not, was found to be the decisive factor in several instances in which this office found the nepotism statute to be applicable. Attorney General Opinion JM-581 (1986) considered whether a county librarian could hire an assistant who was related to a county commissioner in a prohibited degree. Because a county librarian has authority to appoint and dismiss library employees only with the <u>approval of the commissioner court</u>, the opinion concluded that the joint control exercised by the commission and the county librarian was sufficient to make the nepotism statute applicable. JM-581 specifically stated that the fact that the commissioners court does not use its statutory authority to exercise control over the appointment of county library employees does not abrogate or limit that authority. <u>Pena v. Rio Grande City Consolidated Independent School District,</u> 616 S.W.2d 658 (Tex. Civ.

App. - Eastland 1981, no writ). JM-581 relied on Attorney General Letter Advisory No. 156 (1978), which considered whether a junior college district could hire someone related to the president of the college within a prohibited degree. The letter advisory stated that the nepotism statute is not violated if the public officer "cannot exercise any control" over the hiring of someone related to him within the prohibited degree. Because the board of trustees of a junior college was authorized to hire employees upon the president's recommendation, the letter advisory concluded, the president and the board exercised joint control over hiring and that joint control was sufficient to make the nepotism statute applicable.

Those opinions make clear that the key to your question is whether the commissioners court can exercise control over an ex officio road commissioner's decision to hire a relative of one of the commissioners as a road hand. To say that the nepotism statute is inapplicable to the situation you ask about, we would have to say that section 3.003(a) of article 6702-1 means that once the commissioners court authorizes a position to be filled, it can exercise no approval or confirmation authority over an ex officio road commissioner's decision about whom to hire to fill that position. We do not interpret section 3.003(a) in that way.

The statutes governing ex officio road commissioners have provided since their enactment that ex officio road commissioners act "under the direction of the commissioners court." Acts 1901, 27th Leg., ch. 114, at 277. The provision in section 3.003(a) that allows ex officio road commissioners to hire road hands was added in 1981. Acts 1981, 67th Leg., ch. 691 at 2584. The 1981 amendment took the place of the following language: "Said [commissioners] court may employ any hands and teams on the public roads under such regulations and for such prices as they may deem best." Acts 1901, 27th Leg., ch. 114, at 277 (previously codified at V.T.C.S. art. 6762). Under the prior provision the court had no authority to delegate the hiring of road hands to the ex officio road commissioners. See Guerra v. Rodriguez, 239 S.W.2d 915, 920 (Tex. Civ. App. - San Antonio 1951, no writ) (hiring of road hand is not ministerial act and may not be delegated by commissioners court absent statutory authority). The 1981 amendment was obviously intended to increase the power of ex officio road commissioners to hire and fire road hands. We do not believe, however, that it was intended to create an exception to the general rule that the commissioners court has general supervision over ex officio road commissioners.

The 1981 amendment was necessary to allow ex officio road commissioners to make hiring decisions at all. See Guerra v. Rodriguez, 230 S.W.2d 915, 920 (Tex. Civ. App. - San Antonio 1951, no writ). See also Bill Analysis to S.B. No. 1242, 67th Leg., prepared for Committee on Intergovernmental Affairs (stating that 1981

amendment "empowers the commissioners to hire, fire and supervise, when necessary, those employees that would be paid from county road and bridge funds." Nothing in the statutory language or the legislative history indicates that the 1981 amendment was intended to prevent the commissioners court from exercising supervision over the hiring decisions of each individual road commissioner. See generally V.T.C.S. art. 6702-1, §3.101(b)(2) (acts of road commissioner employed by commissioners court are "subject to the control, supervision, orders, and approval of the commissioners court"); §3.102(b)(4) (road superintendents shall hire teams "as directed by the commissioners court"). We think the legislature would expressly state any intent to exclude the commissioners court as a whole from exercising any authority in a matter of county business. See Tex. Const. art. V, §18 (commissioners court shall exercise power and jurisdiction over county business). Therefore, we conclude that the commissioners court has authority to approve or disapprove the hiring decisions of an ex officio road commissioner. Consequently, the nepotism statute prohibits an ex officio road commissioner from hiring the son of another county commissioner as a road hand.

### S U M M A R Y

Article 5996a, V.T.C.S., the nepotism statute, prohibits an ex officio road commissioner from hiring the son of another county commissioner as a road hand.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General