OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 27, 1999

The Honorable Joe Warner Bell
Trinity County Attorney
P.O. Box 979
Groveton, Texas 75845

Opinion No. JC-0100

Re: Whether a county commissioner in his or her capacity as ex officio road commissioner or the commissioner's employees may purchase auto parts from a corporation in which the commissioner owns a substantial interest   (RQ-0032)

Dear Mr. Bell:

Each Trinity County Commissioner serves as ex officio road commissioner for the road maintenance crews in the commissioner's precinct. *See* Letter from Honorable Joe Warner Bell, Trinity County Attorney, to Attorney General (Feb. 24, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. You ask whether a county commissioner, in his or her capacity as road commissioner, or one of the commissioner's employees may, without violating conflict-of-interest laws, purchase auto parts from a corporation in which the commissioner owns a substantial interest. We conclude that a purchase is impermissible under sections 252.005 and 252.006 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 252.005, .006 (Vernon 1999). We do not consider, consequently, whether such a purchase violates conflict-of-interest laws. *See* TEX. LOC. GOV'T CODE ANN. § 81.002 (Vernon 1999); § 171.004 (Vernon Supp. 1999). The commissioner or a member of the commissioner's road crew may pick up goods from the corporation, however, if the commissioners court has preapproved or will subsequently approve the contract. The conflict-of-interest laws preclude the commissioner's participation in the court's decision.

You explain that occasionally the commissioner or a member of the commissioner's precinct road crew purchases a vehicle part from a local auto-parts store. *See* Request Letter, *supra*. After the purchase, the commissioner "reviews and approves the requisition for the item bought. The auditor reviews the purchases and they are ultimately submitted to the Commissioners Court for Audit and Approval." *Id.* You do not explain what you mean by the term "purchase." The term may indicate that the commissioner or a member of the commissioner's road crew makes a supposedly binding contract on behalf of the county to pay the auto-parts corporation for the goods received. By contrast, the term may indicate that the commissioner or a member of the work crew simply picks up an auto part, and the corporation either applies the charge against a line of credit that the county commissioners court already has established with the corporation or bills the county for the auto part. We will consider both scenarios.

In your letter, you indicate that each Trinity County Commissioner serves as ex officio road "superintendent" for road maintenance crews in the commissioner's precinct. *See* Request Letter, *supra*. A county commissioner might serve as ex officio road superintendent under section 257.002 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 257.002(a) (Vernon 1999). Section 257.002 provides an ex officio road superintendent with specific contracting authority. *See id.* § 257.002(a), (b) (providing superintendent power to enter into contract worth no more than $50, with commissioners court's approval). But by telephone your office indicated that the county commissioners serve as ex officio road "commissioners" under chapter 252, subchapter A of the Transportation Code, which provides for the establishment of an ex officio road commissioner system. Telephone conversation with Ms. Susan Brooks, Trinity County Attorney's Office (July 2, 1999). We assume, based upon the information provided orally, that the Trinity County Commissioners serve as ex officio road commissioners, not ex officio road superintendents. Accordingly, we do not consider a road superintendent's authority under section 257.002 of the Transportation Code.

Under chapter 252, subchapter A of the Transportation Code, a county commissioner may serve as the ex officio road commissioner of his or her precinct. *See* TEX. TRANSP. CODE ANN. § 252.003 (Vernon 1999). As ex officio road commissioner, the commissioner is "[u]nder the direction of the commissioners court, . . . responsible for the vehicles, tools, and machinery belonging to the county and placed in the commissioner's control by the court." *Id.* § 252.006(a). The commissioners court retains the authority to "purchase vehicles, tools, and machinery necessary" to work on public roads. *Id.* § 252.005(b).

Thus, if by the word "purchase," you mean that the commissioner or a member of the road crew, on the commissioner's behalf, purports to make a binding contract with the auto parts corporation, the commissioner's action is impermissible under chapter 252, subchapter A of the Transportation Code. Neither the commissioner nor any of the members of the road crew have authority to make a contract binding on the county. *See id.* § 252.006; *cf. id.* § 257.002(a), (b) (delineating road superintendent's contract authority). Rather, it is the commissioners court, as a body, that has authority to make a contract binding on the county.

Moreover, without statutory authority, a commissioners court may not delegate its powers requiring the exercise of judgment and discretion. *See Guerra v. Rodriguez*, 239 S.W.2d 915, 920 (Tex. Civ. App.–San Antonio 1951, no writ); Tex. Att'y Gen. Op. No. V-532 (1948) at 6. A commissioners court may, for instance, delegate to an agent the authority to make contracts in certain circumstances because the delegation is authorized by statute. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 262.001 (Vernon 1999) (authorizing county commissioners court to appoint agent to make binding contracts on behalf of county in certain circumstances); *id.* §§ 262.011, .0115 (permitting county to appoint or employ purchasing agent). "The power . . . to buy . . . tools[] and equipment" is a discretionary function that may not be delegated except in accordance with statutory authority. *See Guerra*, 239 S.W.2d at 920; Tex. Att'y Gen. Op. No. V-532 (1948) at 6. We find no statutory authority enabling a commissioners court to delegate its power to bind the county by contract to an individual commissioner acting as road commissioner.

We next assume the alternative scenario, using the term "purchase" to indicate a situation in which the commissioner or road-crew member simply picks up an auto part. The cost of the purchase either is applied toward the county's line of credit, which the commissioners court has pre-approved, or may be subsequently approved (or disapproved) by the commissioners court. In this scenario, the commissioner's role is merely ministerial, and nothing precludes the commissioner or a precinct employee from making the pickup.

When the matter is before the commissioners court, however, either to preapprove a line of credit or to consider the purchase of items that have been picked up, the commissioner must comply with the relevant conflict-of-interest laws. In particular, section 171.004(a) of the Local Government Code requires a "local public official" who has a "substantial interest in a business entity" to file, "before a vote or decision on any matter involving the business entity . . . , an affidavit stating the nature and extent of the interest" and to "abstain from" participating further in the matter if "the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999). A "local public official" includes a county commissioner. *See id.* § 171.001(1) (defining "local public official"). A "business entity" includes a corporation. *See id.* § 171.001(2) (defining "business entity"). A local public official has a "substantial interest in a business entity" if the official or anyone related within the first degree by consanguinity or affinity to the official:

> (1) . . . owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity; or

> (2) . . . received [funds] . . . from the business entity [totaling more than] 10 percent of the person's gross income for the previous year.

*Id.* § 171.002 (Vernon 1999).

If, as you say, the commissioner has a substantial interest in a business entity selling auto parts for purposes of chapter 171 of the Local Government Code, *see* Request Letter, *supra*, the commissioner must file an affidavit stating the interest and must recuse him- or herself from participating in the matter. Because section 171.004 applies to the purchase and provides a mechanism by which the commissioner may avoid the conflict of interest, section 81.002 of the Local Government Code (the oath-of-office provision) does not prohibit the transaction. *See* Tex. Att'y Gen. Op. No. DM-279 (1993) at 4 (determining relationship of sections 171.004 and 81.002 of Local Government Code); *see also* TEX. TRANSP. CODE ANN. § 252.004(a) (Vernon 1999) (setting bond requirements for ex officio road commissioner). Additionally, section 81.002 does not apply to a situation in which the commissioner or a precinct road-crew employee merely picks up an item because neither the commissioner nor the road-crew employee purports to make a contract binding on the county. *See* TEX. LOC. GOV'T CODE ANN. § 81.002 (Vernon 1999).

## S U M M A R Y

Under sections 252.005 and 252.006 of the Transportation Code, a county commissioner, in his or her capacity as precinct road commissioner, may not purchase or authorize a purchase by precinct employees from an auto-parts corporation. The commissioner or a member of the commissioner's road crew may pick up goods from the corporation, however, if the commissioners court has pre-approved or subsequently will consider the purchase. In accordance with section 171.004 of the Local Government Code, if the commissioner has a substantial interest in a purchase from the auto-parts corporation, he or she must disclose that interest and abstain from participating in the matter when it comes before the full commissioners court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee