

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable Marco A. Montemayor
Webb County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

Opinion No. KP-0052

Re: Authority of a commissioners court, after adoption of the budget, to adopt a standing budget policy that automatically reduces the salary line item of an employee of an elected official upon the employee's departure from the position (RQ-0033-KP)

Dear Mr. Montemayor:

You ask about a commissioners court's authority, after adopting its annual budget, to adopt a standing budget policy that automatically reduces the salary line item for a position when an employee departs from the position.[1] You state that the Webb County Commissioners Court adopted its 2014–2015 fiscal year budget on September 22, 2014, under subchapter B of the Local Government Code. Request Letter at 2–3. You further state that in November 2014, the commissioners court adopted "standing orders" or budget policy "requiring that during the fiscal year, the county administrative services department [the "Department"] will immediately reduce the salary, as directed by [the county's adopted policy], upon the vacancy of any county employee slot, regardless of department or elected office." *Id.* at 3. You explain that the "policy requires all salaries of vacated slots . . . to be reduced to an original starting point which is drastically lower, than the originally budgeted, approved and adopted salary." *Id.* You further explain that a reduction pursuant to the policy requires no action by the commissioners court and is executed according to a predetermined line-item transfer of the excess to another line item. *Id.* at 4. You inform us that, after the court coordinator for the 406th District Court retired during the year, the district judge for the court hired a new court coordinator and requested that compensation for the position continue at the salary level budgeted in September 2014. *Id.* at 3. You state that the Department refused the compensation request due to the standing-orders policy that would require a reduction in salary for a position that has been vacated and filled by a new employee. *Id.* You further state, however, that the commissioners court has agreed to pay the court coordinator for the remainder of the fiscal year the amount budgeted in September 2014. *Id.*

While your questions contain multifarious sub-issues, in essence you ask two questions. The first is whether a commissioners court is authorized to adopt standing orders to reduce a position's salary when the position has been vacated and filled by a new employee, without further

---

[1]*See* Letter from Honorable Marco A. Montemayor, Webb Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 15, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

action by the commissioners court. The second question is whether such orders may be implemented with respect to a court coordinator.

A commissioners court has "only those powers expressly given by either the Texas Constitution or the Legislature" and "the implied authority to exercise the power necessary to accomplish its assigned duty." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). But a commissioners court's duty to manage a county's financial affairs "carries with it broad discretion in making budgetary decisions." *Griffin v. Birkman*, 266 S.W.3d 189, 194 (Tex. App.—Austin 2008, pet. denied). A commissioners court has general authority to set the salaries of most county employees. TEX. LOC. GOV'T CODE § 152.011. Salary levels are among the fiscal matters considered during the preparation of the county's annual budget under one of three subchapters in chapter 111 of the Local Government Code that are applicable to particular counties. *Id.* §§ 111.001–.014 (subchapter A, budget preparation in counties with a population of 225,000 or less), .031–.045 (subchapter B, budget preparation in counties with a population of more than 225,000), .061–.075 (subchapter C, alternative method of budget preparation in counties with a population of more than 125,000). After final adoption of the county's budget, the commissioners court must "spend county funds only in strict compliance with the budget," with limited exceptions. *Id.* §§ 111.010(b), .041(b), .070(a). Thus, once a salary has been approved and adopted in the final budget, it cannot be reduced except as permitted under chapter 111. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 3 (stating "once the salaries of county officers and employees are set, the salaries may not be reduced, outside of the regular budget adoption and amendment process").

Chapter 111 provides two exceptions that allow a commissioners court to amend a final budget. First, the final budget may be amended for an emergency expenditure, but only in "a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." TEX. LOC. GOV'T CODE §§ 111.010(c), .041(b), .070(b). Because, as you describe it, the standing order to reduce a salary is automatic without regard to particular circumstances, it is not authorized under the emergency exception. Second, a commissioners court may amend the budget outside of an emergency by transferring an amount budgeted for one item to another budgeted item. *Id.* §§ 111.010(d), .041(c), .070(c)(1). In particular circumstances, courts have upheld the reduction of a salary by transfer from one budgeted item to another. *See Gattis v. Duty*, 349 S.W.3d 193, 207 (Tex. App.—Austin 2011, no pet.); *Griffin*, 266 S.W.3d at 201–02. We are not aware of any provision in chapter 111 that prohibits as a matter of law the adoption of an order that automatically transfers funds budgeted for a position when the position has been vacated and filled by a new employee.[2] But whether a commissioners court may transfer funds budgeted for the salary of a

---

[2]A commissioners court may not delegate its powers requiring the exercise of judgment and discretion absent statutory authority. Guerra v. Rodriguez, 239 S.W.2d 915, 920 (Tex. Civ. App.—San Antonio 1951, no writ). Accordingly, a commissioners court may not delegate its discretionary authority to transfer funds from one item to another except as authorized by law. See Tex. Att'y Gen. Op. No. GA-0154 (2004) at 4. But see TEX. LOC. GOV'T CODE § 111.070(c) (2) (authorizing a commissioners court in a county operating under subchapter C, to designate another officer or employee to "amend the budget by transferring amounts budgeted for certain items to other budgeted

specific employee consistently with chapter 111 and other applicable law depends on the particular circumstances. For example, a commissioners court may not exercise its budgetary authority over salaries to transfer funds in a manner that prevents an elected officer from performing the duties of office. Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5.

More importantly, the commissioners court's authority to reduce the salary of a particular employee may be limited by other law. The compensation of several officers and employees is governed by other statutes specifically applicable to the officer or employee. *See, e.g.*, TEX. GOV'T CODE §§ 41.106 (staff of prosecuting attorney), 52.051 (district court reporter); TEX. LOC. GOV'T CODE § 152.013(a) (elected county officials). Thus, while a commissioners court may have general authority to adopt standing orders to reduce compensation for a position that has been vacated and filled by a new employee, whether the policy may be implemented with respect to a particular position depends on whether other law governs the compensation for the position. As this office has previously noted, "[s]tatutes specifically applicable to a particular county officer may provide the officer with more or less authority, relative to the commissioners court, and may lead to a different result." Tex. Att'y Gen. Op. No. GA-0037 (2003) at 1 (determining that the commissioners court did not have the authority to reduce compensation of an elected county official's employee under particular circumstances).

The second question concerns the compensation of court coordinators under section 74.104 of the Government Code. Request Letter at 2. The statute provides:

> (a) The judges shall determine reasonable compensation for the court coordinators, subject to approval of the commissioners court.
>
> (b) Upon approval by the commissioners court of the position and compensation, the commissioners court of the county shall provide the necessary funding through the county's budget process. County funds may be supplemented in whole or part through public or private grants.

TEX. GOV'T CODE § 74.104. Under section 74.104, it takes two actions to establish a court reporter's compensation: the judge must determine reasonable compensation and the commissioners court must approve it. *Id.* The statute does not authorize a commissioners court to unilaterally set the court coordinator's salary without the judge's determination of reasonable compensation. As this office observed about a similar statute, section 74.104 appears designed to require the judge and the commissioners court to establish a court coordinator's compensation by collaboration, giving neither final authority to set the salary. *See* Tex. Att'y Gen. Op. No. GA-0952 (2012) at 2 (construing the statutory authority of the county judge and commissioners court to establish the salary of the Van Zandt County Court at Law court reporter). A standing order that automatically reduces the court coordinator's salary upon the happening of a contingency infringes on the judge's authority to determine reasonable compensation in contravention of

---

items"). A commissioners court may delegate ministerial or administrative tasks necessary to carry out its budgetary responsibilities, provided that it does not delegate its discretionary decision-making authority. See Tex. Att'y Gen. Op. No. GA-0839 (2011) at 2–3.

subsection 74.104(a). Accordingly, section 74.104 of the Government Code does not permit a commissioners court to reduce a court coordinator's salary by automatic operation of standing county policy without a determination of reasonable compensation by the judge who selected the court coordinator.

## S U M M A R Y

Chapter 111 of the Local Government Code does not prohibit as a matter of law the adoption of an order that automatically transfers funds to reduce compensation for a position when the position has been vacated and filled by a new employee. Whether a commissioners court may implement such an order with respect to a specific position depends on the particular circumstances, including any law that specifically governs compensation for the position.

Section 74.104 of the Government Code does not permit a commissioners court to reduce a court coordinator's salary by automatic operation of standing commissioners court orders without a determination of reasonable compensation by the judge who selected the court coordinator.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee