Office of the Attorney General · State of Texas



August 7, 2000

Mr. James N. Danford, C.P.A.
Parker County Auditor
1112 Santa Fe Drive
Weatherford, Texas 76086

Opinion No JC-0264

Re: Whether the Parker County Commissioners Court is authorized to hire an employee to perform purchasing duties in the absence of a purchasing agent appointed pursuant to section 262.011 of the Local Government Code, and related questions (RQ-0185-JC)

Dear Mr. Danford:

You ask a number of questions regarding the Parker County Commissioners Court's authority to employ or appoint persons to perform purchasing or contracting functions in the absence of a purchasing agent appointed pursuant to section 262.011 of the Local Government Code. You also ask about the validity of a purchasing agent appointment under section 262.011 and the term of such appointment. Your questions are follow-up to an opinion issued earlier this year in response to a request from the Parker County Attorney, Attorney General Opinion JC-0167 (2000). We do not reconsider Attorney General Opinion JC-0167, believing it to correctly resolve the issues presented by the county attorney's request. We answer your questions only to the extent they are not addressed by Attorney General Opinion JC-0167.

You seek "a determination regarding the Court's authority to appoint an individual as Agent of Contract/Procurement Officer or an individual to assist the Court in routine purchasing duties" and ask specifically the following questions:

1.      In the absence of an appointment of a Purchasing Agent by the Board under Section 262.011 of the Texas Local Government Code, may the Court hire an employee to assist [the] commissioners court and the other department heads regarding their purchasing duties?

2.      If the answer to question 1 is yes, what functions could or could not be delegated to this person with regards to the duties set forth in Section 262.011 of the Texas Local Government Code?

3.      In the absence of an appointment of a Purchasing Agent by the Board under Section 262.011 of the Texas Local Government Code, who is responsible for the duties of Purchasing Agent?

4.      In the absence of an appointment of a Purchasing Agent by the Board under Section 262.011 of the Texas Local Government Code, may the Court appoint a contracting agent under Section 262.001 of the Texas Local Government Code to conduct routine purchasing on behalf of the commissioners court and the other county departments?

5.      Is the October 29, 1999 appointment of [the acting purchasing agent] by the Board a two year appointment despite the fact that the appointment purports to be for a period of less than two years?

6.      Is said appointment valid without the setting of a salary by the Board?

7.      Does the legislature intend Commissioners' Court [to have] implied powers to conduct county business with regards to appointments to certain positions (i.e., Human Resources, Data Processing, Maintenance, etc.) even though there is no specific authority in the Texas Local Government Code[?]

Letter from James N. Danford, Parker County Auditor, to Office of the Attorney General, Opinion Committee, at 1-2 (Dec. 13, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"].

The commissioners court is the general business and contracting agency of the county, and it alone has the authority to make contracts binding on the county, unless expressly provided otherwise by the legislature. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1. *See generally* 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 5.13 (1989) (only commissioners court, as a body, or its authorized agent has authority to make contract binding on county). The commissioners court is the county's principal governing body. *See* TEX. CONST. art. V, § 18(b); *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). It may exercise only those powers that are expressly conferred on it by the constitution and statutes, together with such implied powers as are necessary to exercise the powers expressly conferred. *See* TEX. CONST. art. V, § 18(b); *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Anderson*, 152 S.W.2d at 1085. Without express legislative authority, a commissioners court may not delegate its powers requiring the exercise of judgment and discretion; until delegated, those powers reside with the court. *See Guerra v. Rodriguez*, 239 S.W.2d 915, 920 (Tex. Civ. App.–San Antonio 1951, no writ). Where the legislature expressly grants a power and prescribes how it is to be exercised, the prescribed method excludes all other methods and must be followed. *See Canales*, 214 S.W.2d at 457.

Pursuant to section 262.011, in a county with a population of 150,000 or less, a purchasing agent is appointed by a board "composed of the judges of the district courts in the county and the county judge." TEX. LOC. GOV'T CODE ANN. § 262.011(a) (Vernon Supp. 2000). Parker County has a population of less than 100,000, *see* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF THE POPULATION: General Population Characteristics: Texas 3 (1992) (population

of Parker County is 64,785), and there is only one district judge in the county, *see* THE DALLAS MORNING NEWS, 2000-2001 TEXAS ALMANAC 440, 441 (Mary G. Ramos ed., 1999). Accordingly, in Parker County a purchasing agent must be appointed by a board consisting of the district judge and the county judge. *See* Tex. Att'y Gen. Op. No. JC-0167 (2000) at 4. In accordance with Attorney General Opinion JC-0167, the board in Parker County appointed the acting purchasing agent as the county purchasing agent for a term of two years. *See* Letter from Honorable James O. Mullin, District Judge, 43d Judicial District, to Elizabeth Robinson, Chair, Opinion Committee, Office of Attorney General, at 2 (Mar. 20, 2000) (on file with Opinion Committee) [hereinafter "Mullin Letter"].

With the above background, we begin our analysis with your last question. You ask whether the "the legislature intend[s] Commissioners' Court [to have] implied powers to conduct county business with regards to appointment to certain positions (i.e., Human Resources, Data Processing, Maintenance, etc.) even though there is no specific authority in the Texas Local Government Code." Request Letter at 2. We understand you to ask whether the commissioners court is authorized to employ persons without express statutory authority.

We conclude that the commissioners court is authorized, without express statutory authority, to employ persons necessary to conduct county business, provided such employees are subject to the control and supervision of the commissioners court and there is no delegation of the commissioners court's sovereign authority. The commissioners court has implied authority to employ persons necessary to carry out county business derived from its express constitutional authority to "exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State," *see* TEX. CONST. art. V, § 18, and the statutes defining its hiring powers generally, *see, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 151.001-.903 (Vernon 1999 & Supp. 2000) (County Officers & Employees). *See* Tex. Att'y Gen. Op. No. JM-521 (1986) at 1; *accord* Tex. Att'y Gen. Op. No. H-1302 (1978) at 2 (commissioners court may hire or appoint necessary personnel to administer parks so long as such employees are subject to supervision of commissioners to extent commissioners court's authority is not delegated). Because express statutory authority is required to delegate any sovereign powers, *i.e.,* authority vested in the commissioners court or those requiring the exercise of judgment or discretion, the commissioners court may not delegate those powers to such employees. *See Anderson,* 152 S.W.2d at 1085; *Guerra,* 239 S.W.2d at 920; Tex. Att'y Gen. Op. No. H-1302 (1978) at 2; *see also Aldine Indep. Sch. Dist. v. Standley,* 280 S.W.2d 578, 583 (Tex. 1955) (determining factor distinguishing public officer from employee is whether any sovereign functions of government are conferred upon individual to be exercised by him for benefit of public largely independent of control of others).

We next address your first three questions: (1) Whether the commissioners court may hire an employee to assist the commissioners court and the other department heads with their purchasing responsibilities in the absence of a section 262.011 county purchasing agent; (2) if the commissioners court may hire such employee, which section 262.011 duties may be "delegated" to the employee; and (3) who is responsible for the duties of a purchasing agent when there is no section 262.011 purchasing agent. *See* Request Letter at 1-2.

We conclude that the commissioners court may hire an employee to assist the commissioners court and other departments with their purchasing responsibilities, but it may not delegate to the employee authority to make purchases for the county or enter into contracts binding the county. The authority to purchase items and bind the county is a sovereign power of the commissioners court that only the commissioners court may exercise in the absence of express statutory authority vesting that authority in another county agent. *See Anderson*, 152 S.W.2d at 1085; Tex. Att'y Gen. Op. No. JC-0171 (2000); *see also Guerra*, 239 S.W.2d at 920 ("The power to hire workers and to buy and hire tools, and equipment are not mere ministerial functions which may be delegated. . . . Absent the delegation of such powers in line with the legislative authority, the power of decision rests with the Commissioners' Court."); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 7 ("The power to purchase the cars is, like the rest of the court's powers in the initial allocation of county resources, discretionary."). Because a commissioners court has the implied authority to employ persons necessary to carry out county business, *see* Tex. Att'y Gen. Op. No. JM-521 (1986) at 2, it may hire an employee to perform the clerical duties required or necessary in connection with county purchasing. However, because no statute applicable to Parker County, other than section 262.011, expressly authorizes the commissioners court to employ a person with authority to make all county purchases and enter into contracts binding the county, *see* Tex. Att'y Gen. Op. No. JC-0167 (2000), the commissioners court may not delegate its purchasing and contracting authority to an employee who is not a properly appointed purchasing agent. *See Anderson*, 152 S.W.2d at 1085; Tex. Att'y Gen. Op. Nos. JC-0171 (2000) at 1, JC-0167 (2000) at 2. In other words, the commissioners court must determine the items and services to be purchased and bind the county for the payment of those items and services.

While the commissioners court is "responsible" for the nondelegable duties of determining the items and services to be purchased and binding the county for the purchases, it may designate persons responsible for carrying out the ministerial duties associated with purchasing goods and services in the absence of a statute providing otherwise in a particular case. No provision that we have found specifies particular persons responsible for purchasing duties in the absence of a section 262.011 purchasing agent.[1] Again, in the absence of statutory authority, the commissioners court may not delegate its authority to purchase and bind the county. However, in the absence of legislative assignment of the ministerial duties associated with purchasing of goods and services for the county, the commissioners court may assign those duties to appropriate county employees. *See Agan*, 940 S.W.2d at 81 (because legislature has not assigned payroll preparation responsibilities, commissioners court acting in its legislative capacity may assign those responsibilities to appropriate county official).

We next address your fourth question: whether the commissioners court may appoint a "contracting agent" under section 262.001 of the Local Government Code "to conduct routine purchasing on behalf of the commissioners court and the other county departments?" Request Letter

---

[1]Section 262.012 of the Local Government Code establishes two conditions under which the county auditor assumes purchasing duties in the absence of a section 262.011 purchasing agent, but neither condition applies to a county the size of Parker County. *See* TEX. LOC. GOV'T CODE ANN. § 262.012 (Vernon 1999).

at 2. In essence, you ask whether the commissioners court may appoint a purchasing agent pursuant to section 262.001. This is the question presented and answered in Attorney General Opinion JC-0167. Following our earlier decision and for the reason stated therein, we conclude in the negative. The commissioners court may not appoint a purchasing agent pursuant to section 262.001.

We next address your fifth question: whether "the October 29, 1999 appointment of [acting purchasing agent] by the Board [is] a two year appointment despite the fact that the appointment purports to be for a period of less than two years?" *Id.* On October 29, 1999, the board appointed the commissioners court's candidate as the acting purchasing agent pending receipt of an opinion from this office regarding the commissioners court's authority to appoint a purchasing agent. *See id.* at 1 (statement of facts). That individual was appointed as the "permanent" county purchasing agent on February 23, 2000, for a two-year term beginning on that date. *See* Mullin Letter at 2. While not completely clear, we understand you to ask whether the two-year term of office of the county purchasing agent began on October 29, 1999, when the board appointed the acting purchasing agent, or on February 23, 2000, when the board appointed him as the permanent county purchasing agent.

We conclude that the two-year term of office began on February 23, 2000, when the permanent county purchasing agent was appointed. Section 262.011(a) provides that the "term of office of the county purchasing agent is two years." TEX. LOC. GOV'T CODE ANN. § 262.011(a) (Vernon Supp. 2000). A term of office is a fixed and definite period, and is distinct from the tenure of an individual appointed to that office; "[t]he period of time designated as a term of office may not and often does not coincide with an individual's tenure of office." *Spears v. Davis,* 398 S.W.2d 921, 926 (Tex. 1966); *see also, e.g.,* Tex. Att'y Gen. LO-97-070; Tex. Att'y Gen. Op. Nos. JM-592 (1986) at 2, M-338 (1969) at 3. Section 262.011 does not provide when the term of the office begins. Attorney General Opinion M-338 provides general rules for determining the commencement date for terms of office in the absence of legislation: where the statute creates a single position and does not provide for a beginning date for commencement of the term of office, the term begins on the date of appointment of the initial appointee to such position, and thereafter such date will govern the commencement date of subsequent terms of office in such position. *See* Tex. Att'y Gen. Op. No. M-338 (1969) at 11; *see also* Tex. Att'y Gen. Op. No. H-955 (1977) at 2-3. Here, the initial appointee to the county purchasing agent office was appointed on February 23, 2000. The October 29th appointment of the acting purchasing agent was clearly a temporary measure, pending a clarification of the commissioners court's authority to appoint a purchasing agent, and did not constitute an appointment to that office. *Cf.* Tex. Att'y Gen. LO-97-070, at 3 (interim positions not a public office ); Tex. Att'y Gen. Op. No. C-627 (1966) at 2 (for person to have held public office, position "must have some permanency and continuity"; it may not be "temporary or occasional"). By definition, the *acting* purchasing agent was not the county purchasing agent, but only acted in that capacity in the interim. *See* BLACK'S LAW DICTIONARY 26 (7th ed. 1999) (defining "acting" as "[h]olding an interim position; serving temporarily <an acting director>."). Accordingly, the two-year term of the office of the purchasing agent in Parker County began on February 23, 2000.

Finally, you ask whether the appointment of the county purchasing agent pursuant to section 262.011 is "valid without the setting of a salary by the Board?" Request Letter at 2. We conclude in the affirmative. Section 262.011(k) provides that "[t]he board that appoints the county purchasing agent shall set the salary of the agent in an amount not less than $5000 a year." TEX. LOC. GOV'T CODE ANN. § 262.011(k) (Vernon Supp. 2000). At the outset, it is not clear from the information provided to us that the board failed to set a salary for the county purchasing agent in Parker County. You tell us that the purchasing agent is paid the salary originally set by the commissioners court. *See* Request Letter at 1 (statement of facts). Section 262.011(k) does not define the term "set" or prescribe how the board is to set the salary. Arguably, the board "set" the county purchasing agent's salary by approving the amount previously approved by the commissioners court. In any case, neither subsection 262.011(k) nor any other provision in section 262.011 suggests that an appointment is invalid if the board fails to "set" a salary. We are unaware of any authority supporting the proposition that failure to set a salary invalidates a county purchasing agent appointment. Accordingly, we conclude that appointment of a county purchasing agent pursuant to section 262.011 is not invalid because of the failure of the special board to set a salary.

## S U M M A R Y

The commissioners court is authorized to employ persons necessary to conduct county business without express statutory authority provided that such employees are subject to the commissioners court's control and supervision and there is no delegation of the commissioners court's sovereign authority. In the absence of a section 262.011 county purchasing agent, the commissioners court may hire an employee to assist the commissioners court and other departments with their purchasing responsibilities, but it may not delegate to the employee authority to make purchases for the county or enter into contracts binding the county. While the commissioners court is "responsible" for the nondelegable duties of determining the items and services to be purchased and binding the county for the purchases, it may designate persons responsible for carrying out the ministerial duties associated with purchasing. The commissioners court may not appoint a purchasing agent pursuant to section 262.001 of the Local Government Code. The two-year term of the county purchasing agent's office in Parker County began on February 23, 2000. The appointment of a county purchasing agent pursuant to section 262.011 of the Local Government Code is not invalid because of the failure of the special board to set a salary.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee