COUNTY SCHOOL TRUSTEES OF BRA-
ZORIA COUNTY v. BRAZORIA COUN-
TY. (No. 8162.)

(Court of Civil Appeals of Texas. Galveston.
March 16, 1922.)

Schools and school districts ⚫═▷18 — School
trustees, recovering from county funds taken
from permanent school fund, entitled to legal
interest for period not barred by limitations.

Where county took money from permanent school fund, and used it for other purposes, the school trustees of the county, on recovery of the funds so taken, should have been allowed simple interest thereon at the legal rate during the two years preceding the action; the interest prior thereto being barred by limitations,

in view of Const. art. 7, § 6, and Rev. St. art. 5402.

Appeal. from District Court, Brazoria County; M. S. Munson, Judge.

Action by the County School Trustees of Brazoria County against Brazoria County. From a decree awarding them insufficient relief, plaintiffs appeal. Reformed and affirmed.

W. S. Sproles, of Angleton, for appellants.
J. S. Jackson, of Alvin, for appellee.

GRAVES, J. The agreed facts upon which this cause was tried below were as follows:

"The sum of $5,200, belonging to the permanent school fund of Brazoria county, Tex., was taken out of said fund by order of the commissioners' court of said county, and applied to purposes in amounts and upon dates as follows: $400 of said fund was on the 5th day of August, 1886, loaned to B. P. Ellis, as per deed of trust, recorded in Deed of Trust Records, in Book A, page 611, of said Brazoria county. $1,000 of said fund was on the 14th day of December, 1886, loaned to B. A. Kelly, as per deed of trust, recorded in Deed of Trust Records of said county, in Book A, pages 647 to 649, inclusive. $3,800 was transferred from the permanent school fund to the road and bridge fund of Brazoria county on the 22d day of June, 1892, as shown by order of the commissioners' court of said county, duly recorded in the minutes of said commissioners' court.

"That said sum of money, aggregating $5,200, nor any part thereof, has ever been returned to said permanent school fund, neither has there ever been any interest paid on said sums of money since June 22, 1892, and applied to the available or any other school fund of said Brazoria county, nor since the said sums were taken from the permanent school fund as aforesaid.

"That the plaintiffs herein applied to the commissioners' court of said Brazoria county, praying that said sum of $5,200 be replaced to the credit of the Brazoria county permanent school fund and that Brazoria county be required to pay interest on said amounts from June 22, 1892, at 6 per cent. payable annually, that is, interest on interest, which the commissioners' court refused to allow."

The plaintiffs as mentioned in this agreement were the county school trustees of Brazoria county, and on this recited refusal of the commissioners' court of the county to replace the $5,200 to the credit of the county's permanent school fund and to pay the interest sought thereon, they filed this suit against the county and the members of its commissioners' court to compel performance of the action so refused.

On the facts given, the trial court rendered this judgment:

"It is the opinion of the court that defendant is liable, as trustee, to the permanent school fund of Brazoria county, in the sum of $5,200,

and that said sum has heretofore been diverted from said fund by the commissioners' court of said county, and that said defendant, Brazoria county, ought to be required to replace said sum of $5,200 in said permanent school fund of Brazoria county, and is of the further opinion that plaintiff's claim against said defendant for interest alleged to be due the available school fund and for attorney's fees is not warranted or sustained by the law and facts in this case. Therefore it is the opinion of the court,, and so ordered, adjudged, and decreed that the defendant Brazoria county bc required and commanded to return to the permanent school fund of Brazoria county, Tex., the sum of $5,200. It is further adjudged by the court that plaintiff take nothing for use and benefit of the available school fund, and that said claim in favor of said available school fund, be, and is hereby, canceled and held for naught, and that plaintiff take nothing against defendant for attorney's fees. It is further adjudged by the court that the costs of this suit be paid by defendant. It is further ordered by the court that a writ of mandamus issue to the commissioners' court of Brazoria county, Tex., requiring and commanding said court to return said sum of $5,200 forthwith to the permanent school fund of Brazoria county, Tex., and to make such order or orders as may be requisite or necessary, and to take all such steps as may be necessary to the proper compliance with this decree."

The trustees appeal, assigning as their only complaint the court's refusal to award the schools the interest on the fund prayed for.

We think the court erred in not allowing simple interest at the legal rate on so much of the claim for interest on the $5,200 as was not barred by the two-year statute of limitation; the county pleaded that statute in defense against the count for interest, and, under the undisputed facts, it precluded a recovery of all of it that accrued more than two years before the filing of the suit, but no good reason is perceived for denying a recovery for the balance.

The source of the fund as belonging to the permanent endowment of the schools of the county is not disclosed, and consequently it may be that neither section 6 of article 7 of our Constitution nor article 5402 of our Revised Statutes directly indicates what the commissioners court's particular duty with respect to this money was, since the Supreme Court in Boydston v. Rockwall County, 86 Tex. 234, 24 S. W. 272, says that in such circumstances the fund is presumed to be either the direct proceeds of the sale of county lands or money paid on matured securities, whereas both the constitutional and statutory provisions referred to seem to command the investment of the fund in certain bonds only when it is the direct proceeds of land sales. But, however that may be, the county in this instance certainly held the fund as

a trustee for the schools, and we think upon general principles could not detain it without becoming liable to them for at least simple interest thereon; that is, that interest "goes with the principal as the fruit with the tree."

The modern rule upon this subject seems to hold fiduciaries generally liable for interest on funds held in trust in some circumstances, as where there has been actual malfeasances, for compound interest, and in others, indicating mere negligence for simple interest only. See Ruling Case Law, vol. 15, p. 39, par. 37; also volume 26, p. 1388, par. 253; Ricker v. Chessman, 14 Mont. 153, 35 Pac. 960, 29 L. R. A. p. 627, and footnotes. Under the agreed statement here, nothing more than negligence appears.

It follows from what has been said that the trial court's judgment should be so reformed as to add to appellants' recovery, for the benefit of the available school fund, the sum of $936 for three years' interest on the fund involved at 6 per cent. per annum, and otherwise in all respects affirmed; that order has accordingly been entered.

Reformed and affirmed.