

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 24, 1975

The Honorable Marvin F. Marshall
County Attorney
Hale County
Plainview, Texas 79072

Opinion No. H- 506

Re: Implications of a county's taking vendor's lien notes for the sale of county school lands.

Dear Mr. Marshall:

You have requested our opinion on the following questions:

1. Is a commissioners' court authorized to accept a vendor's lien note as partial payment for county school lands?

2. If so, is the commissioners' court authorized to sell such notes and place the proceeds therefrom in the permanent school fund of the county?

3. Is there a particular procedure which the commissioners' court must follow in selling such notes.

4. May the commissioners' court distribute the proceeds therefrom to the school districts of the county, and if so, for what purposes?

Article 7, section 6 of the Texas Constitution authorizes a county to "sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county." This power of the commissioners' court has been described as "comprehensive" and "carry[ing] with it the right to do all things incidental to its proper exercise." Delta County v. Blackburn, 93 S.W. 419, 420 (Tex.Sup. 1906). The Supreme Court long ago recognized the authority of the commissioners' court to accept a vendor's lien note for the sale of county school lands. "Whether

a sale shall be made for cash or on credit, and by executed conveyance or executed contract, are questions evidently committed to the commissioners' court." Id., at 420.  We therefore answer your first question in the affirmative.

With regard to your second and third questions, we have discovered no instance in which these specific inquiries have been addressed.  In Delta County, the issue was whether the commissioners' court might lawfully reduce the interest rate on the purchaser's note to the county. The Court refused to sanction the discount, declaring that the county, under the terms of article 7, section 6, of the Texas Constitution, is a trustee for the benefit of the state's public schools, and hence precluded from giving away its funds.  Id., at 420-21.  See Comanche County v. Burks, 166 S.W. 470 (Tex. Civ. App. --Fort Worth 1914, writ ref'd.); and County School Trustees of Brazoria County v. Brazoria County, 240 S.W. 675 (Tex. Civ. App. --Galveston 1922, no writ).

The thrust of Delta County seems to be that the commissioners' court may enter into new arrangements for the sale of its school lands, so long as the value of its original contract is not diminished.  In Waggoner v. Wise County, 43 S.W. 836 (Tex. Civ. App. --1897, writ ref'd.), the court held that the commissioners' court has authority to release the original vendees from liability on a vendor's lien note and to accept instead the obligation of the parties to whom the vendees have sold their interest, provided that the property remains secured by a deed of trust.

We therefore believe that the county commissioners of Hale County, acting in their fiduciary capacity as trustees of the permanent school fund, may sell its vendor's lien notes and place the proceeds therefrom in the permanent school fund, but that the notes may not be sold at less than their fair market value at the time of sale.

There is no procedure prescribed in either statutory or case law for the sale of vendor's lien notes by a commissioners' court.  We are of the view that the commissioners' court, in accordance with its powers recognized in Delta County, is free to adopt any reasonable procedure, so long as the notes are not sold at less than their fair market value.

Your final question inquires whether the commissioners' court may distribute the proceeds from the sale of the notes to the independent school districts of the county, and if so, for what purposes. Article 7, section 6b, of the Texas Constitution authorizes the commissioners' court to:

> . . . reduce the county permanent school fund . . .
> and . . . distribute the amount of the reduction
> to the independent and common school districts
> of the county on a per scholastic basis to be used
> solely for the purpose of reducing bonded indebted-
> ness of those districts or for making permanent
> improvements.

The only caveat is that the commissioners' court must retain in the fund an amount sufficient "to pay ad valorem taxes on school lands or royalty interests owned at the time of the distribution."

We believe that this provision is clear, and that it authorizes distribution of the proceeds from the sale of the vendor's lien notes so long as such distribution is carried out on a per scholastic basis, the distributed funds are used by the districts only to reduce bonded indebtedness or to make permanent improvements, and an amount is retained in the fund sufficient to cover the county's obligation for ad valorem taxes on the subject property. See Attorney General Opinion H-47 (1973).

## SUMMARY

A commissioners' court is authorized to accept a vendor's lien note as partial payment for county school lands, and is further authorized to sell such

notes at not less than their fair market value at
the time of sale.  The proceeds therefrom should
be placed in the permanent school fund of the county,
and may then be distributed to the school districts
of the county, subject to the restrictions imposed
by article 7, section 6b of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee