OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 1, 2001

The Honorable Jeff Wentworth
Chair, Redistricting Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2548

Opinion No. JC-0399

Re: Whether the Llano County Commissioners Court may delegate its authority over county school lands to the Board of Trustees of the Llano Independent School District (RQ-0350-JC)

Dear Senator Wentworth:

You request an opinion on whether the Llano County Commissioners Court may delegate its authority to sell, lease, or otherwise dispose of county school lands to the Llano Independent School District if the district agrees to waive the liability of the commissioners court for actions taken in connection with the school lands.[1] See TEX. PROP. CODE ANN. § 114.032 (Vernon Supp. 2001). Pursuant to article VII, section 6 of the Texas Constitution, the Llano County Commissioners Court is trustee of the county school lands granted to the county, and it may not delegate its responsibility for the land to another entity.

Your inquiry concerns the public school lands granted to Llano County for the benefit of education in the county.[2] Beginning in 1838, the Republic of Texas set apart land to each county to fund the establishment of public schools. See TEX. CONST. art. VII, § 6, interp. commentary (Vernon 1993). Article VII, section 6 of the Texas Constitution provides for the ownership and disposition of the county school lands as follows:

> All lands heretofore, or hereafter granted to the several counties of
> this State for educational purposes, are of right the property of said
> counties respectively, to which they were granted, and title thereto is

---

[1]You state your question in terms of whether the Llano County Commissioners Court may delegate its management authority over the school land property to the school district. See Letter from Honorable Jeff Wentworth, Chair, Senate Redistricting Committee, to Honorable John Cornyn, Texas Attorney General (Feb. 16, 2001) [hereinafter Wentworth Brief]. By management, we understand you to refer to the commissioners court's authority to sell, lease, and otherwise dispose of the school lands, including other duties incident to its ownership of the lands as trustee for the schools in the county. See generally Logan v. Stephens Co., 83 S.W. 365 (Tex. 1904).

[2]See Wentworth Brief, supra note 1.

> vested in said counties, and no adverse possession or limitation shall ever be available against the title of any county. Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county. . . . Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein . . . .

TEX. CONST. art. VII, § 6. *See also* TEX. LOC. GOV'T CODE ANN. § 263.003 (Vernon 1999) (commissioners court may dispose of county school lands only as provided by law); Act of June 21, 1969, 61st Leg., R.S., ch. 889, § 1, secs. 17.81-.83, 1969 Tex. Gen. Laws 2735, 2846-47, *reprinted in* TEX. EDUC. CODE ANN. tit. 2 app. at 195-96 (Vernon 1996) (former sections 17.81-.83 of the Education Code).[3] A county may lease as well as sell its school lands. *See Falls County v. DeLaney*, 11 S.W. 492 (Tex. 1889). The funds generated by the sale or lease of county school lands are placed in the available school fund of the county. *See* TEX. CONST. art. VII, § 6; TEX. EDUC. CODE ANN. tit. 2 app. at 195-96 (Vernon 1996) (former TEX. EDUC. CODE ANN. § 17.82); Tex. Att'y Gen. Op. No. O-2111 (1940) at 3.

Most counties in Texas have sold their county school lands and invested the proceeds in authorized securities. *See* 36 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 30.2 (1989). Llano County, however, still holds more than 17,000 acres of county school land located in Tom Green County.[4] The beneficiaries of these lands are the Llano Independent School District ("Llano ISD"), which is located entirely within Llano County, and the Burnet Consolidated Independent School District, a small part of which is located in Llano County. Over the years, some of the property has been sold, but most of it has been leased for grazing, hunting, mineral exploration, and excavation.[5] You state that the Llano County Commissioners Court has often sold or encumbered this property without consulting the school districts and has sporadically reported activities regarding this property to the districts.[6]

---

[3]These provisions were repealed in 1995, but section 11.301 of the Education Code provides for their continued application to county public school lands. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 260, § 58, 1995 Tex. Gen. Laws 2207, 2498; TEX. EDUC. CODE ANN. § 11.301 (Vernon 1996). They may be found in the appendix following title 2 of the Education Code. *See* TEX. EDUC. CODE ANN. tit. 2 app. at 195-96 (Vernon 1996).

[4]Brief from George E. Grimes, Jr., Walsh, Anderson, Brown, Schulze & Aldridge, P.C., to Susan D. Gusky, Chair, Opinion Committee, Office of Attorney General, at 2 (Apr. 13, 2001) (on file with Opinion Committee) [hereinafter Grimes Brief].

[5]Wentworth Brief, *supra* note 1, at 1; Grimes Brief, *supra* note 4, at 5.

[6]Wentworth Brief, *supra* note 1, at 2.

The school districts would like the Llano County Commissioners Court to delegate its authority over the school lands to the Board of Trustees of the Llano ISD. In exchange, the school districts would agree to waive the commissioners court's liability as trustee for the school lands pursuant to Property Code section 114.032, which authorizes releasing the trustee's liability by a written signed agreement between the trustee and beneficiary. *See generally County Sch. Trs. v. Brazoria County,* 240 S.W. 675, 676 (Tex. Civ. App.–Galveston 1922, no writ) (county is liable for amount of county school fund that commissioners court diverted to county purposes, plus interest); *Comanche County v. Burks,* 166 S.W. 470, 472 (Tex. Civ. App.–Fort Worth 1914, writ ref'd) (county liable for proceeds of a sale of school lands, which were diverted to county purposes). We must determine whether the Llano County Commissioners Court may delegate its authority to sell, lease, or otherwise dispose of the county school lands to the Llano ISD on these terms.

Article VII, section 6 of the Texas Constitution establishes an express trust in which the commissioners court acts as trustee of the county school lands for the benefit of the public schools in the county. *See, e.g., Delta County v. Blackburn,* 93 S.W. 419, 422 (Tex. 1906); *Brazoria County,* 240 S.W. at 676; *Burks,* 166 S.W. at 473-74; Tex. Att'y Gen. Op. No. JC-0004 (1999) at 2, H-506 (1975) at 2, H-239 (1974) at 1, V-1089 (1950) at 3. It gives the commissioners court the power to sell or otherwise dispose of school lands and leaves it free to provide the manner of sale. *See Martin County v. Magnolia Petroleum Co.,* 252 S.W.2d 266, 269 (Tex. Civ. App.– Amarillo 1952, no writ).

Article VII, section 6 also prevents the commissioners court from delegating its authority to dispose of the county school lands of which it is trustee. *See Logan v. Stephens County,* 83 S.W. 365, 367 (Tex. 1904). The commissioners court has no power to delegate to another person or entity its discretionary authority to sell, lease, or otherwise dispose of the lands. *See Williams v. Pure Oil Co.,* 78 S.W.2d 929, 931 (Tex. 1935); *Potter County v. C. C. Slaughter Cattle Co.,* 254 S.W. 775, 777-78 (Tex. 1923); *Gallup v. Liberty County,* 122 S.W. 291, 294 (Tex. Civ. App.–San Antonio 1909, writ ref'd); *Logan,* 83 S.W. at 367. An order of the commissioners court attempting to delegate authority to sell the land is invalid, and a sale and deed executed by an agent under such order is also invalid. *See Pure Oil Co.,* 78 S.W.2d at 931; *Logan,* 83 S.W. at 367. Based on these authorities, we conclude that the Llano County Commissioners Court may not delegate its authority as trustee of the county school lands to the Llano ISD.

We are however informed that "it is the intention of the Llano Independent School District that its written agreement with Llano County will provide that any action taken by the School District will be expressly ratified by the Llano County Commissioners' Court."[7] It is thus suggested that the commissioners court may delegate authority to sell or lease school lands if it binds itself to ratify each action by the school board, including a sale, lease, or other disposition of the land.

---

[7]Grimes Brief, *supra* note 4, at 7.

In a judicial decision on the ratification of an invalid sale of school lands, the court defined "ratification" as follows:

> Ratification is the election by a person, and the expression of such election by words or conduct, to accept an act or contract previously done or entered into in his behalf by another who had at the time no authority to do the act or make the contract on his behalf.

*Gallup*, 122 S.W. at 296 (quoting 1 WILLIAM LAWRENCE CLARK & HENRY H. SKYLES: TREATISE ON THE LAW OF AGENCY § 98 (1905)); *see also T & R Assoc., Inc. v. City of Amarillo*, 688 S.W.2d 622, 630 (Tex. App.–Amarillo 1985, writ ref'd n.r.e.) (giving similar definition of "ratification"). The commissioners court, with knowledge of all material facts, may ratify a sale of school lands that is invalid because it was made by a person other than the commissioners court. *See Boydstun v. Rockwall County*, 24 S.W. 272, 274 (Tex. 1893); *Brazoria County v. Rothe*, 168 S.W. 70, 74 (Tex. Civ. App.– San Antonio 1914, writ ref'd); *Gallup,* 122 S.W. at 296.

Ratification necessarily involves an exercise of discretion by the commissioners court because the court must decide, based on its knowledge of all material facts, whether to accept or reject the sale or other disposition of county school lands. Absent statutory or constitutional authority, the commissioners court may not delegate powers requiring the exercise of judgment and discretion to another entity. *See Guerra v. Rodriguez*, 239 S.W.2d 915 (Tex. Civ. App.–San Antonio 1951, no writ); *Padgett v. Young County*, 204 S.W. 1046, 1052 (Tex. Civ. App.–Fort Worth 1918, writ dism'd); *see also Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 391 (Tex. 1977).

Moreover, ratification necessarily takes place after the transaction has occurred. Thus, an attempt to "ratify" a transaction before it takes place is not ratification, but actually the prior authorization of the transaction. *See generally Armstrong v. Palmer,* 218 S.W. 627, 631 (Tex. Civ. App.–Amarillo 1920, writ ref'd) (prior and contemporaneous acts of principal authorize the transaction in advance and are not a basis for ratification); 3 TEX. JUR.3D *Agency*, § 116 (1996); 1 WILLIAM LAWRENCE CLARK & HENRY H. SKYLES, TREATISE ON THE LAW OF AGENCY § 98 (1905) (an act, in order to be the subject of ratification, must have been unauthorized). As we have already determined, the commissioners court may not authorize another person to exercise its authority over school lands. The attempt to ratify in advance would be an invalid effort to delegate the county's constitutional authority over the school lands to the Llano ISD. Accordingly, the commissioners court may not bind itself to ratify each sale, lease, or other disposition of the school land by the school board.

It is also suggested that the proposed contract is authorized by certain provisions of the Texas Trust Code, TEX. PROP. CODE ANN., tit. 9, subtit. B, §§ 111.001-115.017 (Vernon 1995 & Supp. 2001). For example, section 113.018 of the Property Code authorizes a trustee to "employ attorneys,

accountants, agents, including investment agents, and brokers reasonably necessary in the administration of the trust estate." TEX. PROP. CODE ANN. § 113.018 (Vernon Supp. 2001). Section 113.060 of the Property Code authorizes a trustee to delegate investment decisions to an investment agent, subject to a number of conditions, including notifying the beneficiary before entering into an agreement with an investment agent. *Id.* § 113.060. Section 114.032 provides that a written agreement between a trustee and a beneficiary, including a release, consent, or other agreement relating to a trustee's duty, power, responsibility, restriction, or liability, is final and binding on the beneficiary and persons represented by the beneficiary if it is signed by the beneficiary and if certain other conditions are met. *See id.* § 114.032.

This office has on occasion relied on provisions of the Texas Trust Code to determine a county's authority with respect to investing the available school fund. *See* Tex. Att'y Gen. Op. Nos. M-1104 (1972) at 2 (restriction against trustee selling property to trust); JC-0004 (1999) at 2 ("prudent investor" standard). No opinion states that the Texas Trust Code applies in its entirety to the trust in county school lands established by Texas Constitution article VII, section 6. Moreover, to the extent that provisions of the Texas Trust Code are inconsistent with the duties of the commissioners court established by article VII, section 6 of the Texas Constitution, they may not apply to the commissioners court as trustees of the county school lands. *See* TEX. PROP. CODE ANN. § 113.001 (Vernon 1995) ("A power given to a trustee by this subchapter does not apply to a trust to the extent that the instrument creating the trust . . . conflicts with or limits the power.").

The Llano County Commissioners Court has a nondelegable duty under article VII, section 6 of the Texas Constitution to sell or otherwise dispose of the county school lands granted to it for educational purposes. It may not delegate its constitutional authority to agents employed under Property Code section 113.018 nor may it delegate its investment decisions to investment agents pursuant to section 113.060 of the Property Code. The commissioners court is liable for failure to carry out duties as trustee of the county school lands, and it may not free itself from liability pursuant to section 114.032 of the Property Code. We conclude that the Llano County Commissioners Court may not contract with the Board of Trustees of the Llano ISD to delegate its authority to sell, lease, or otherwise dispose of the county school lands to the school district.

## S U M M A R Y

Pursuant to article VII, section 6 of the Texas Constitution, the Llano County Commissioners Court is trustee of the county school lands granted by the state to Llano County for educational purposes, and it has a nondelegable duty under the constitution to sell or otherwise dispose of the school lands. The commissioners court may not delegate its authority to sell, lease, or otherwise dispose of the county school lands to the Llano Independent School District. Provisions of the Texas Trust Code that are inconsistent with the constitutionally-mandated role of the commissioners court as trustee of the county school lands do not apply to the trust in these lands and their proceeds.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee